IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA S. AUSTIN,<br><br>      Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY and MICHAEL NICHOLAS COTRA, doing business as NORTHSIDE APPRAISALS,<br><br>      Defendants. | CIVIL ACTION NO.<br>1:06-CV-1452-JEC<br><br>FILED IN CLERK'S OFFICE<br>U.S.D.C. Atlanta<br><br>FEB 27 2007<br><br>JAMES N. HATTEN, Clerk<br>By. _____ Deputy Clerk |

**ORDER & OPINION**

This case is presently before the Court on Ameriquest Mortgage Company's Motion to Dismiss [2]; and Plaintiff's Motion to Remand Case to State Court for Lack of Subject Matter Jurisdiction [16]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Ameriquest Mortgage Company's Motion to Dismiss [2] should be **DENIED as moot;** and Plaintiff's Motion to Remand Case to State Court for Lack of Subject Matter Jurisdiction [16] should be **GRANTED.**

**BACKGROUND**

I. Procedural History

On May 17, 2006 plaintiff filed a complaint in the Superior Court of Fulton County ("Compl." [1]) against Ameriquest Mortgage

Company ("Ameriquest") and Michael Nicholas Cotra ("Cotra"). The complaint asserts causes of action for fraudulent inducement, fraud and deceit, theft by taking and deception, violations of a Georgia banking law, unjust enrichment, Georgia RICO violations and punitive damages against Ameriquest and pleads counts of negligence and negligent misrepresentation against Cotra. (*Id.* at 9-19.) The complaint alleges bad faith attorneys' fees against both defendants. (*Id.* at 19.)

On June 16, 2006 defendant, Ameriquest, filed a Notice of Removal ("Notice of Removal" [2]) in the United States District Court for the Northern District of Georgia, alleging both diversity and federal question jurisdiction. On June 23, 2006, defendant, Ameriquest, filed a motion to dismiss. ("Ameriquest Mot. to Dismiss" [2].) Defendant, Cotra, filed a motion to dismiss on September 5, 2006. ("Cotra Mot. to Dismiss" [17].)

After Ameriquest filed its motion to dismiss, but prior to Cotra filing its motion to dismiss, plaintiff, Barbara Austin ("Austin", "plaintiff"), filed a Motion to Remand to State Court for Lack of Subject Matter Jurisdiction. ("Pl.'s Mot. to Remand" [16].) In an Order entered on September 11, 2006, this Court denied without prejudice, Cotra's motion to dismiss based on plaintiff filing a motion to remand. ("September 11, 2006 Order" [19].) The Court must now determine whether to remand the case or maintain jurisdiction.

2

II. <u>Factual History</u>

In 1994, plaintiff purchased a home in Smyrna, Georgia for $95,900 (the "Property"). (Compl. at ¶ 8.) Plaintiff currently lives at the same address and is a Georgia resident. (*Id.* at ¶¶ 1, 8.) In the same year that she purchased her home, plaintiff was injured and became disabled. (*Id.* at ¶ 9.) At all times relevant to this action, plaintiff's primary source of income came from Social Security disability benefits totaling $1,024 per month. (*Id.*) Plaintiff received a second mortgage on the property from Ameriquest in 1996. (*Id.* at ¶ 10.) Plaintiff consolidated her first and second mortgage on the Property in 2000 with American General Finance, Inc. ("American General"). (*Id.* at ¶ 11.) Plaintiff refinanced this debt in 2004 by taking out a new mortgage loan with American General. (*Id.* at ¶ 12.)

In debt, plaintiff was referred to Ameriquest by a collection agent for the purpose of attempting to repay one of her consumer credit accounts. (*Id.* at ¶ 14.) According to plaintiff, Ameriquest is a Delaware corporation with its principal place of business in California. (*Id.* at ¶ 2.) Plaintiff also states that Ameriquest transacts business in Georgia and maintains offices throughout the state, including one in Fulton County. (*Id.*)

Plaintiff engaged in communications with Ameriquest and applied for a variable-rate mortgage loan of $195,000 (the "Loan"). (*Id.* at

3

¶ 16.)  When plaintiff applied for and closed on the Loan, her only sources of income included the $1,024 in Social Security disability benefits and $1,114 in Social Security disability benefits earmarked for the support of her disabled brother.  (*Id.* at ¶ 18.)  Despite knowledge of plaintiff's true income, an Ameriquest representative indicated on her application that plaintiff received overtime pay in the amount of $559 per month.  (*Id.* at ¶ 19.)  According to plaintiff, such statements were intentionally fraudulent and made by the Ameriquest representative in an attempt to demonstrate that plaintiff could repay the debt.  (*Id.*)

As part of the application process, Ameriquest hired the services of defendant, Cotra, to perform an appraisal of the Property.  (*Id.* at ¶ 20.)  Plaintiff alleges that Cotra is licensed as a real property appraiser and is doing business in Cobb County, Georgia.  (*Id.* at ¶¶ 4-5.)  According to plaintiff, Cotra improperly based his appraisal on the comparison of three incompatible properties, and, thus, overvalued the Property by 140%.  (*Id.* at ¶ 21.)

During the Loan application and underwriting process, Ameriquest did not ask plaintiff to sign any documents, including the Application, or pay any fees.  (*Id.* at ¶ 23.)  Plaintiff alleges that she first saw all closing documents, including the Application, at the time of closing.  (*Id.* at ¶ 25.)  At the closing, plaintiff

4

executed a security deed in favor of Ameriquest to secure the Loan. (*Id.* at ¶ 34). According to plaintiff, because of the Loan her Property is encumbered by more debt than the Property's value. (*Id.* at ¶ 38.)

## DISCUSSION

A defendant may remove a case originally filed in state court if the action could have originally been brought in federal court. 28 U.S.C. § 1441(a). However, a court may remand a case removed to federal court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Eleventh Circuit favors remand where jurisdiction is not clear. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (internal citations omitted.) Additionally, the Eleventh Circuit has held that '[t]he removal statute shall be construed narrowly with doubt construed against removal." *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (internal citation omitted). On a motion to remand, the party removing the action bears the burden of establishing jurisdiction. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) overruled on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1063 (11th Cir. 2000).

5

Defendant, Ameriquest, argues it properly removed this action because the Northern District may maintain jurisdiction under both diversity and federal question jurisdiction. The Court will review each of these arguments in turn.

I. This Court May Not Maintain Diversity Jurisdiction over this Controversy under the Fraudulent Joinder Exception

Under 28 U.S.C. § 1332, federal courts may exercise diversity jurisdiction in civil actions where the case is between citizens of different states and the amount in controversy exceeds $75,000. Additionally, in *Strawbridge v. Curtiss*, 3 Cranch 267 (1806), the Supreme Court first established the complete diversity rule. Under this rule, in order to create diversity jurisdiction, all plaintiffs must reside in different states from all defendants. *Id.* at 267. Similarly, in order to remove a case from state court, there must be diversity between all plaintiffs and all defendants. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

At the outset, Ameriquest alleges that there is complete diversity of jurisdiction in this case if one excludes defendant, Cotra, who Ameriquest argues has been improperly joined. The Complaint alleges that plaintiff is a resident of Georgia. (Compl. at ¶ 1.) For diversity jurisdiction, a corporation is deemed a citizen of the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Ameriquest is

6

a Delaware corporation with its principal place of business in Orange, California. (Compl. at ¶ 2.) Thus, as between plaintiff and Ameriquest, there is complete diversity.

Although there is complete diversity among plaintiff and Ameriquest, plaintiff's complaint also names and raises allegations against Cotra, a resident of Georgia (Compl. at ¶ 4). Cotra's presence as a defendant seemingly destroys complete diversity. However, Ameriquest argues that complete diversity exists under the fraudulent joinder exception. Under this exception to the complete diversity rule, a case may proceed in federal court if a plaintiff has fraudulently joined a non-diverse defendant. See *Tapscott*, 77 F.3d at 1359. Since its decision in *Tapscott*, the Eleventh Circuit has recognized fraudulent joinder in three scenarios: (1) where plaintiff cannot possibly prove a cause of action against the non-diverse defendant; (2) where plaintiff engages in fraudulent pleading of jurisdictional facts; and (3) where a non-diverse defendant is joined with a diverse defendant and there is no joint, several or alternative liability between the defendants, and the non-diverse defendant has no real connection to the case. *Triggs*, 154 F.3d at 1287 (citing *Tapscott*, 77 F.3d at 1360).

The party wishing to remove the case bears the burden of proving fraudulent joinder. *Coker v. Amoco Oil Co.*, 709 F. 2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds, as*

7

recognized in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993) (internal citation omitted). The Eleventh Circuit has described this burden as "a 'heavy one.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation omitted).

Here, Ameriquest argues that plaintiff improperly joined non-diverse defendant, Cotra, and that this Court has diversity jurisdiction under all three prongs of the fraudulent joinder exception. Ameriquest argues in a footnote that the first fraudulent joinder exception "is...arguably applicable" because defendant, Cotra, filed a motion to dismiss, and, thus, there is a possibility that plaintiff cannot prove a cause of action against the non-diverse defendant. (Opp'n to Pl.'s Mot. to Remand" [22] at 6 ftn. 2.) However, defendant misconstrues the breadth of this first factor. That plaintiff may not ultimately prevail against Cotra does not mean that plaintiff failed to state a cause of action for purposes of the fraudulent joinder analysis. When determining whether a plaintiff fraudulently joined a non-diverse party, "'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380-81 (11th Cir. 1998) (quoting *Crowe v. Coleman*, 113 F.3d at 1538 (11th Cir. 1997)). This Court, therefore, will not

examine the merits of plaintiff's claims, but only determine whether plaintiff makes colorable claims under Georgia law.

In the present case, plaintiff pled counts of negligence, negligent misrepresentation, and bad faith attorneys' fees against Cotra. Because Georgia recognizes each of the alleged counts against Cotra as viable causes of action, this Court cannot conclude that plaintiff has fraudulently joined the resident defendant. Plaintiff specifically claims that Cotra is liable in negligence for conducting an appraisal that overvalued her home by $100,000. Georgia courts have held that "one who supplie[s] information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was *manifestly aware of the use to which the information was to be put and intended that it be so used.*" *Badische Corp. v. Caylor*, 257 Ga. 131, 132-133 (1987) (emphasis in original) (internal citation omitted). Plaintiff will need to demonstrate that reliance was reasonable because the representation was made with the purpose of inducing the third party to act. *Id.* However, the Court may not delve into the merits of plaintiff's claim. At this time, the Court only notes that plaintiff has alleged a viable claim against Cotra.

Second, defendant argues that plaintiff improperly joined Cotra because she fraudulently pled jurisdictional facts. According to Ameriquest, plaintiff improperly sued Ameriquest and Cotra in Fulton County when Fulton County has no connection to the plaintiff, Cotra, Ameriquest, the claim, or the subject real property. Plaintiff, however, states that she sued defendants in Fulton County because Ameriquest maintained an office and transacted business in Fulton County when she filed suit on May 17, 2006. According to defendant, that office closed on May 2, 2006, prior to plaintiff filing this suit. ("Jenkins Aff." at ¶ 5 attach. to Opp'n to Mot. to Remand).[1] Thus, defendant may be correct that plaintiff improperly laid venue in Fulton County.

Defendant also argues that plaintiff cannot sue defendant, Cotra, in Fulton County because he is not a resident thereof, and because plaintiff has not asserted joint and several liability against defendants. Under Georgia law, a party may only lay venue against two different defendants residing in different venues if the plaintiff alleges joint and several liability. 1983 Ga. Const., Art. VI, Sec. 2, ¶¶ 4 and 6. Defendant further asserts that given the nature of plaintiff's allegations, she cannot assert joint and

---

[1] A court may consider all affidavits and/or deposition transcripts in addressing the issue of fraudulent joinder. See *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

10

several liability. Plaintiff, on the other hand, argues that she suffered one indivisible injury as a result of defendants' actions, and, therefore, can sue both defendants as joint tortfeasors.

Even if plaintiff improperly laid venue in Fulton County, however, Ameriquest cannot demonstrate that plaintiff's pleading amounts to fraudulent pleading under the fraudulent joinder exception. A defendant can prove fraudulent joinder by demonstrating that the plaintiff "fraudulently pled jurisdictional facts to bring the resident defendant into state court." Thus, a court must determine whether plaintiff concocted jurisdiction in order to destroy diversity. See *Peachtree/Stratford, L.P., v. Phoenix Home Life Ins. Co.*, Civ. A. No. 1:06-CV-0514, 2006 WL 1209893, *7 (N.D. Ga. May 2, 2006) ("This is simply not a case, as the authorities appear to contemplate, where the plaintiff knowingly and falsely alleges a defendant's state of residence in an effort to destroy diversity jurisdiction.") (internal citation omitted).

Here, if plaintiff improperly pled venue, such pleading does not constitute fraudulent pleading of jurisidictional facts because plaintiff did not attempt to destroy diversity. Regardless of whether plaintiff could sue both defendants in Fulton County--as plaintiff alleges--or in both Paulding and Gwinnett County--as defendant alleges--Cotra is still a resident of Georgia, which fact destroys diversity. Because the venue analysis does not affect

11

whether plaintiff may sue in state or federal court, defendant cannot demonstrate that plaintiff fraudulently pled jurisdictional facts in order to destroy diversity.

Third, Ameriquest argues that plaintiff's pleading falls under the third fraudulent joinder exception first recognized in *Tapscott*, 77 F.3d at 1360, where a non-diverse and diverse defendant are joined, there is no joint, several or alternative liability, and the non-diverse defendant has no real connection with the controversy. In the present action, defendant argues that plaintiff improperly joined her unrelated claims against Cotra and Ameriquest. Defendant specifically argues that plaintiff's claims against Cotra for negligence and negligent misrepresentation regarding Cotra's appraisal of plaintiff's Property do not relate to her claims against Ameriquest for fraud, theft by taking, and Georgia RICO violations in connection with her Loan application.

Though defendant argues that this case is akin to *Tapscott*, in which the court found a fraudulent joinder of diverse and non-diverse defendants because the non-diverse defendant had no real connection to the case, this Court finds *Tapscott* inapposite. In *Tapscott*, the Eleventh Circuit held that the misjoinder of two separate classes--an "automobile" and "merchant" class constituted a fraudulent joinder because defendants in the automobile class had "no real connection with the controversy" involving the merchant class. *Tapscott*, 77

12

F.3d at 1360. Initially, Tapscott filed a class action in state court against the "automobile" class regarding the sale and financing of automobile service contracts. Subsequently, Tapscott amended the complaint to add a claim against a "merchant" class concerning the sale of retail extended service contracts. *Id.* at 1354. At the district court level, plaintiff alleged that the classes could be joined because they both engaged in similar business practices. *Id.* at 1360. The district court rejected this argument, and the Eleventh Circuit affirmed. The Eleventh Circuit noted that the alleged transactions involved in the "automobile" class were "wholly distinct" from the alleged transactions involved in the "merchant" class, and the only similarity between the class allegations were that both classes violated a particular provision of the Alabama Code. *Id.* Thus, the court found the attempt to join these parties "so egregious" as to constitute a fraudulent joinder. *Id.*

In the present case, the connection between Cotra and Ameriquest does not rest on similar business practices or on an alleged violation of the same Georgia law. Rather, plaintiff's claims against Cotra have a real and substantial connection with the controversy. Plaintiff alleges that Ameriquest misrepresented both her income and the value of her property so as to create substantial equity for plaintiff to borrow against. According to plaintiff,

Cotra's appraisal lent legitimacy to Ameriquest's misrepresentation concerning the value of her property.

Given the nature of plaintiff's claims against Cotra and Ameriquest, this litigation is likely to contain common questions of law and fact. For instance, this controversy could raise common issues regarding the accuracy of Cotra's appraisal, whether Cotra complied with the applicable standard of care in rendering his appraisal, whether Cotra and Ameriquest acted in concert, whether Cotra is liable for negligence, and whether Ameriquest had knowledge that Cotra overvalued plaintiff's home. Severing the claims against Cotra and Ameriquest would only make this litigation more fragmented and cumbersome.

This case is much more similar to *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998), in which the court rejected defendant's fraudulent joinder claim despite the fact that plaintiff joined two classes, one of which only 2% of the putative class asserted a claim against. The Eleventh Circuit held that plaintiff made allegations which arose out of a series of transactions, which would give rise to common questions of law and fact. Therefore, the court found that *Tapscott* provided no support for defendants' attempt to bifurcate the class. *Id.* at 1289-1290. Because plaintiff raises allegations in the present action, which likely will raise common questions of law and fact as to the transactions between plaintiff,

14

Ameriquest and Cotra, the Court concludes that plaintiff did not fraudulently join defendant, Cotra.

## II. This Court May Not Maintain Jurisdiction Because This Controversy Does Not Raise a Substantial Federal Question

Defendant argues, in the alternative, that this Court may maintain jurisdiction because plaintiff's complaint raises a substantial federal question. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff who has only pled state law causes of action may be subject to federal jurisdiction if (1) his/her state-law claims raise substantial federal questions; or (2) federal law completely preempts his/her state-law claims. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13, 23 (1983).

A state law claim raises a substantial federal question when federal law forms an essential element of plaintiff's claim, and "the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982) (internal citation omitted). The mere fact that a court must apply or interpret federal law to determine whether plaintiff is entitled to relief is not sufficient to confer federal question

15

jurisdiction. Rather, the federal issue must be substantial. *Dunlap v. G&L Holding Group Inc.*, 381 F. 3d 1285, 1290 (11th Cir. 2004) (citing *Franchise Tax Bd.*, 463 U.S. at 13). Similarly, a federal court does not automatically have jurisdiction due to the mere presence of a federal issue in a state cause of action. *Merrell Dow Pharm. Inc. V. Thompson*, 478 U.S. 804, 813 (1986).

Defendant argues that plaintiff's claims under the Georgia RICO statute raise a substantial federal question. Plaintiff's Georgia RICO count alleges that Ameriquest's conduct constitutes a scheme or artifice to defraud and/or unlawfully obtain money from plaintiff by false or fraudulent pretenses within the meaning of 18 U.S.C. §§ 1341 and 1343. (Compl. at ¶ 67.) More specifically, plaintiff claims that defendant's use of the wires to perpetuate this fraud constitutes wire fraud under 18 U.S.C. § 1343. (*Id.* at ¶ 69.) Plaintiff further alleges that each violation of § 1341 and § 1343 constitutes an act of racketeering within the meaning of O.C.G.A. § 16-14-3(9)(A).[2] Plaintiff also alleges that each violation of O.C.G.A. § 16-8-2 and O.C.G.A. § 16-4-3 (Georgia's theft by taking and deception statutes) constitutes an act of racketeering within the meaning of O.C.G.A. § 16-14-3(9)(A).

---

[2] Plaintiff's Complaint incorrectly cites to O.C.G.A. § 16-4-3(9)(A).

16

Defendant relies principally on *Ayers v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000) and argues that because plaintiff claimed violations of the federal mail and wire fraud statues as predicate acts under Georgia's RICO statue, plaintiff's complaint raises a substantial federal question.  In *Ayers*, plaintiffs who purchased used cars brought a state court action under Georgia's RICO Act, and alleged that the automobile manufacturer and component manufacturer violated the federal mail and wire fraud statutes by failing to report a component defect, which was required by the National Traffic and Motor Vehicle Safety Act.  *Id.*

The Eleventh Circuit held that plaintiff's allegations regarding Georgia's RICO Act, which rested entirely on claimed violations of the federal mail and wire fraud statues and an interaction with the National Traffic and Motor Vehicle Safety Act, raised a substantial federal question.  *Id.* at 518.  The Eleventh Circuit noted that its holding was narrow and that jurisdiction existed only because proof of the state RICO claim required: (1) proof of federal mail and wire fraud as predicate acts; and (2) proof that the alleged federal mail and wire fraud crimes involved a substantial federal question.  *Id.* at 520.  The court noted that it need not go so far as to hold that federal question jurisdiction arises from every state RICO cause of action that requires proof of a violation of the mail or wire fraud statutes as predicate acts.  *Id.* at 519.  Rather, the court stated

17

that the interplay between the predicate mail and wire fraud statues and their interaction with an underlying National Traffic and Motor Vehicle Safety Act "make this case one of those exceptional cases requiring that we decide 'a federal question substantial enough to confer federal question jurisdiction.'" *Id.* (internal citation omitted.)

The present case does not satisfy either of the *Ayer* prongs. Plaintiff's allegations do not raise a substantial federal question because they do not require the court to interpret an independent federal statute. At most, the Court must determine whether defendant committed a federal violation, which may serve as a predicate act under Georgia's RICO statute.

It should be noted that other courts in and outside of this circuit have held that a plaintiff's allegations of violations of federal law as predicate acts under a state RICO act is not sufficiently substantial to confer federal question jurisdiction. *See Graham Commercial Realty, Inc., v. Shamsi*, 75 F. Supp.2d 1371, 1373 (N.D. Ga. 1998) (alleging a violation of federal criminal law as predicate act of Georgia RICO act is not sufficiently substantial to confer federal question jurisdiction); *Bourke v. Carnahan*, Civ. A. No. C2-03-144, 2003 WL 23412975, *5 (S.D. Ohio Jul. 1, 2003) (allegations of federal mail and wire fraud as predicate acts not sufficient to confer federal jurisdiction).

In addition, the Court does not find that this case raises a substantial federal question because plaintiff's RICO allegations do not rest solely on federal law. Rather, plaintiff's allegations of violations of Georgia's theft by deception and theft by taking statutes could serve as plaintiff's predicate acts under Georgia's RICO statute. Thus, unlike the Court in *Ayers*, this Court need not determine whether defendant violated a federal law. *See United Container LLC v. United Beverage Fl., LLC*, 284 B.R. 162, 173 (S.D. Fl. 2002) (no federal jurisdiction where plaintiff alleged federal mail and wire fraud predicate acts, which did not require interpretation of underlying federal law and where plaintiff pled other non-federal predicate acts).

Accordingly, this Court concludes that plaintiff's allegations do not raise a substantial federal question. Because there is no diversity or federal question jurisdiction, this Court does not have jurisdiction to hear this case. As such, the Court remands the case to the Superior Court of Fulton County.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's Motion to Remand [16] and **DENIES as moot** defendant's motion to dismiss [2].

SO ORDERED, this _27_ day of February, 2007.

```
                              _____
                              JULIE E. CARNES
                              UNITED STATES DISTRICT JUDGE
```

20